Lucas J. Foust
Bina R. Peters
Foust Law Office, P.C.
1043 Stoneridge, Suite #2
Bozeman, Montana 59718
Phone: (406) 587-3720
Fax: (406) 587-3820
lfoust@foustlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY JAMES CHARLSON, | Cause No. |
| Plaintiff, | |
| vs. | |
| DANIEL A. RULLO, UNITED STATE OF AMERICA and JOHN DOES 1-10. | **COMPLAINT** |
| Defendants. | |

COMES NOW the Plaintiff, Timothy James Charlson, by and through counsel of record, Lucas J. Foust and Bina R. Peters and hereby complains, alleges and states as follows:

### JURISDICTION

1. Pursuant to 28 U.S.C.A. § 1346(b)(1), this Court has jurisdiction over this civil action because the claim arose from personal injury caused by the negligent or wrongful act of an employee of the Government while acting within the scope of his employment. If the United States was a private person, the United States would be liable to the Plaintiff in accordance with Montana law.

2. Pursuant to 28 U.S.C.A. § 1402(b), venue is proper in the United States District Court for the District of Montana, Billings Division, because it is the judicial district where the Plaintiff resides and where the act subject to this complaint occurred.

3. An administrative claim was filed with the Department of Justice, Civil Division, Torts Branch and the administrative claim was denied on May 25, 2010. It is within six months of the denial of the administrative claim, thus, jurisdiction in this Court is proper.

## PARTIES

4. Mr. Charlson was at all times relevant hereto, a citizen of the United States of America and a citizen of the State of Montana.
5. Defendant, Daniel A. Rullo, was at all times relevant hereto, employed by the United States Marshall. It is believed that Mr. Rullo, at all relevant time hereto, was a resident of the State of Montana and acted within the course and scope of his duties as an employee of the United States Marshall.

## GENERAL ALLEGATIONS

6. Mr. Charlson hereby incorporates all paragraphs contained in this Complaint as if set forth in full herein.
7. On July 13, 2009, Mr. Charlson was traveling West on Murphy lane, crossing US Highway 89 in a 2006 Pontiac Grand Prix.
8. On July 13, 2009, Defendant was traveling South on U.S. Highway 89 at a speed of 68 miles per hour in a 2008 Chevrolet Suburban. This vehicle was a U.S. Marshall, armored vehicle, tag number G63-1928F.
9. On July 13, 2009, Defendant's Suburban struck the passenger's side of Mr. Charlson's vehicle. The door and passenger's content of Mr. Charlson's vehicle were pushed into the driver's side of the vehicle.
10. Mr. Charlson was pinned in his vehicle and was extracted with Jaws of Life.
11. Defendant was issued a citation for speeding in a special speed zone pursuant to Montana Code Annotated § 61-8-309(1).
12. As a result of the collision Mr. Charlson's vehicle was totaled.
13. As a result of the collision, Mr. Charlson sustained serious injuries including a traumatic brain injury.

## COUNT I
## NEGLIGENCE

14. Mr. Charlson hereby incorporates all paragraphs contained in this Complaint as if set forth in full herein.
15. Defendants owed Mr. Charlson a duty of safety and care while carrying out employment with the US Marshall and the US Department of Justice.
16. Defendants violated Mr. Charlson's statutory and common law rights and breached the

duties owed as described more particularly herein.  The violations accrued as a result of the collision, Defendant's excessive speed, and Defendant's negligent performance of official duties.

17. Defendants are liable for Mr. Charlson's damages resulting from Defendant's negligence accruing in a manner contemplated by the Federal Tort Claims Act, 28 U.S.C.A. §171. As a direct and proximate result of Defendants' negligence, Mr. Charlson suffered injury to his person resulting in damages described in greater deal below.

## NEGLIGENCE PER SE

18. Mr. Charlson hereby incorporates all paragraphs contained in this Complaint as if set forth in full herein.
19. According to Mont. Code Ann. § 61-8-309(1), special speed zones may be set when conditions are found to exist that make the normal speed limit not reasonably safe.
20. Defendant was cited for a violation of § 61-8-309(1).
21. As a direct and proximate cause of the Defendant's violation of Montana law, Mr. Charlson suffered injuries described in more detail below.

## DECLARATORY RELIEF

22. Mr. Charlson hereby incorporates all paragraphs contained in this Complaint as if set forth in full herein.
23. At all times relevant hereto, Mr. Charlson was insured by the US Government.
24. As a result of the July 13, 2009 collision, Mr. Charlson has incurred significant medical expenses.
25. The US Government now claims Mr. Charlson owes them $25,931.25 for the damage to the government vehicle.
26. The parties are in dispute as to the legal obligations as heretofore described, and require this Court to issue a Declaratory Order and Judgment.  Plaintiff requests this Court's Declaratory Order and Judgment in favor of Mr. Charlson and against Defendant on all issues raised herein.

## COMPENSATORY DAMAGES

1. Mr. Charlson hereby incorporates all paragraphs contained in this Complaint as if set forth in full herein.
2. As a direct and proximate result of Defendants' unlawful conduct, Mr. Charlson has

suffered in the past and will likely continue to suffer physical and mental pain and injuries, incurred medical bills, and will incur medical expenses in the future.

3. As a direct and proximate result of Defendants' unlawful conduct, Mr. Charlson has suffered in the past, and will likely continue to suffer, serious or severe emotional distress.

4. As a direct and proximate result of Defendants' unlawful conduct, Mr. Charlson has suffered in the past and will likely continue to suffer a loss of his established course of life in the future.

## PRAYER FOR RELIEF

Wherefore, Mr. Charlson prays for judgment against the Defendant as follows:

1. Damages in a reasonable amount to fully compensate Mr. Charlson for any past and future medical expenses;

2. Damages in a reasonable amount to fully compensate Mr. Charlson for past and future mental pain and suffering;

3. Damages in an amount to fully compensate Mr. Charlson for a loss of his established course and way of life;

4. Such other and further relief as the Court deems just and proper.

RESPECTUFLLY SUBMITTED AND DATED this 2nd day of June, 2010.

FOUST LAW OFFICE, P.C.

By: _____
Lucas J. Foust
Attorney for Plaintiff